POOCHIGIAN, J.,
Concurring. — I concur in the court’s opinion and judgment, but write separately to underscore an important limitation on the scope of Government Code[1] section 12940’s definition of disability discrimination.
The court’s opinion expresses the following rule of law: “We conclude that where, as here, an employee is found to be able to safely perform the essential duties of the job, a plaintiff alleging disability discrimination can establish the requisite employer intent to discriminate by proving (1) the employer knew that plaintiff had a physical condition that limited a major life activity, or perceived him to have such a condition, and (2) the plaintiff’s actual or perceived physical condition was a substantial motivating reason for the defendant’s decision to subject the plaintiff to an adverse employment action.” (Maj. opn., ante, at p. 129.)
This holding indicates that negating section 12940, subdivision (a)(1) is a sufficient condition to establish disability discrimination under the California Fair Employment and Housing Act (FEHA) (§ 12900 et seq.), but I write separately to clarify that it is also a necessary condition. Section 12940, subdivision (a)(l)’s “specific language unambiguously provides] that an adverse employment action on the basis of disability is not prohibited if the disability renders the employee unable to perform his or her essential duties, even with reasonable accommodation.” (Green v. State of California (2007) 42 Cal.4th 254, 264 [64 Cal.Rptr.3d 390, 165 P.3d 118], original italics.) Consequently, in order to establish that an employer has engaged in disability discrimination under FEHA, an employee must also show that the “disability would not prevent the employee from performing essential duties of the job, at least not with reasonable accommodation.” (Green, supra, at p. 262.) Because the employee bears the burden of proof on this issue (id. at pp. 263-264), there is no reason to exclude it as a coequal element required to establish disability discrimination.
*138 This is not an insignificant issue. Section 12940, subdivision (a)(1) reflects one of the primary ways disability discrimination differs from other forms of discrimination under FEHA.[2] If our legal standard does not clearly incorporate' this important limiting provision, the reach of FEHA could extend beyond the Legislature’s intent. Consider a hypothetical with the following facts: (1) an employer is advised by a physician that an employee’s physical condition renders him or her unable to perform essential job duties even with reasonable accommodation, (2) the physician’s evaluation is, in fact, correct,[3] and (3) the employer removes the employee from the position because of the physical condition. Under section 12940, subdivision (a)(1), the employer has clearly not engaged in impermissible discrimination. The legal test for establishing disability discrimination should reflect this reality.
Consequently, the complete standard in the disability context is that an employer discriminates in violation of section 12940, when (1) the employer knew or perceived plaintiff as having a physical condition that limited a major life activity, (2) the plaintiff’s actual or perceived physical condition was a substantial motivating reason for the employer’s action, and (3) the substantial motivating reason was something other than the fact that the physical condition actually rendered the plaintiff (a) unable to perform essential job duties whatsoever even with reasonable accommodation or (b) unable to perform essential job duties safely with reasonable accommodation.
*139 Section 12940, subdivision (a)(1) is not ancillary. Rather, it is an important aspect of what constitutes disability discrimination under section 12940, and should be considered one of the three indispensable components of disability discrimination.
A petition for a rehearing was denied March 24, 2016, and respondent’s petition for review by the Supreme Court was denied May 11, 2016, S233495.

 All further statutory references are to the Government Code unless otherwise stated.

 As the court’s opinion notes, physical disability claims are “fundamentally different” than other discrimination claims. (Maj. opn., ante, p. 122.) The word discriminate is often used “in a negative or pejorative sense.” {Id. at p. 126.) But “discriminating against (i.e., treating differently) a physically disabled person sometimes is legitimate . . . .” {Ibid.) “The FEHA itself recognizes that employers have legitimate reasons for discriminating against disabled persons (i.e., treating them differently) — reasons that have no parallel when the discriminatory employment action is based on race, religion, national origin, age or sex. Those legitimate reasons include whether a disabled employee, even with reasonable accommodation, can perform essential job duties and do so safely. (§ 12940, subd. (a)(1) . . . .)” {Id. at p. 126.)
Identifying these differences between disability discrimination and other forms of discrimination is important. But we should also spell out exactly how these differences affect the definition of discrimination in the disability context.

 Section 12940, subdivision (a)(1) does not deal solely with discriminatory motive — it is also concerned with the factual reality of plaintiff’s disability. Its language only protects employers when the employee is actually unable to perform essential job duties even with reasonable accommodation. The statute does not protect employers that honestly but mistakenly believe the employee’s disability renders him or her unable to perform essential job duties even with reasonable accommodation.
This statutory reality could discourage employers from reassigning employees who they honestly and reasonably believe, based on medical opinion, pose a danger to themselves or others. If such an employer did reassign the employee based on an honest and reasonable belief, the employer could nonetheless be subject to liability if a jury later concludes that belief was mistaken.